UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>Plaintiff,<br><br>v.<br><br>J.L. PETERSON, et al.,<br><br>Defendants. | CASE NO. 1:16-cv-00488-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>(ECF NO. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 3.) Defendants declined to consent to Magistrate judge jurisdiction. (ECF No. 37.)

On November 22, 2016, the Court screened Plaintiff's first amended complaint (ECF No. 9) and found it states an Eighth Amendment excessive force claim against CO Gonzalez and CO Harris in their individual capacities, and a First Amendment retaliation

claim against Lt. Lopez in his individual capacity. (ECF No. 14.) Plaintiff's official capacity claims were dismissed with prejudice.

I. **Williams v. King**

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendant was not yet served at the time that the Court screened the first amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because Defendant had not consented, the undersigned's dismissal of Plaintiff's official capacity claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that the non-cognizable claim be dismissed and that preliminary injunctive relief be denied.

II. **Findings and Recommendations on First Amended Complaint**

  A. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations

At all relevant times Plaintiff was an inmate housed at California Correctional Institution ("CCI") in Tehachapi, California.[1] He names as Defendants CCI Correctional Officers ("CO") R. Harris and J. Gonzalez and CCI Lieutenant M. Lopez.

---

[1] Plaintiff is now housed at Corcoran State Prison in Corcoran, California. (ECF No. 6.)

3

| | |
|---|---|
| 1 | Plaintiff's claims can be summarized essentially as follows: |
| 2 | On November 4, 2012, CO Gonzalez placed handcuffs on Plaintiff tightly and |
| 3 | roughly escorted him from his cell to outside the building where he was housed. Once |
| 4 | outside, CO Gonzalez forcefully and without provocation slammed Plaintiff violently onto |
| 5 | the pavement, causing injury to Plaintiff's left shoulder, left elbow, left knee, and the left |
| 6 | side of his face. This incident left Plaintiff stunned and bleeding. CO Gonzalez, who is |
| 7 | approximately 200 pounds, then sat on Plaintiff's head, and he pressed his right knee |
| 8 | hard into Plaintiff's face and head. Plaintiff was only 143 pounds at the time. |
| 9 | Non-party CO Weathers observed the incident from the yard gun tower and |
| 10 | activated the alarm button. Within seconds, a number of prison guards came running to |
| 11 | where CO Gonzalez and Plaintiff were. |
| 12 | One of the guards, CO Harris, struck Plaintiff twice with a steel baton, again |
| 13 | without provocation. Plaintiff was still on the ground at this point. Though this Defendant |
| 14 | was yelling "Stop resisting," Plaintiff was not resisting because he was still stunned from |
| 15 | the body slam by CO Gonzalez. |
| 16 | Following this incident, Plaintiff was taken to the medical unit where CO Harris |
| 17 | directed Plaintiff to face the wall. When Plaintiff complied, CO Harris punched Plaintiff |
| 18 | twice in the facial/head area. |
| 19 | At a subsequent hearing on the November 4, 2012, incident, Plaintiff was found |
| 20 | guilty of assault on a peace officer and assessed 90 days of good time credit, which have |
| 21 | now been restored. He was also placed in isolation for 7 months. This conviction has not |
| 22 | been overturned. |
| 23 | Plaintiff later filed a 602 complaint but was told my Lt. Lopez, "you should drop the |
| 24 | 602 complaint if you know what's best for you." This Defendant also told Plaintiff that he |
| 25 | "won't leave in one piece" if he didn't drop the grievance; while saying this, Lt. Lopez |
| 26 | pounded his fist in his hand/palm. Fearing for his safety, Plaintiff dropped the grievance. |
| 27 | Plaintiff seeks injunctive relief and damages. |
| 28 | |

4

**D. Analysis**

**1. Eleventh Amendment Immunity**

Plaintiff sues the Defendants in their individual and official capacities. Plaintiff was previously informed that his claim for damages against the Defendants in their official capacities is barred by the Eleventh Amendment. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Therefore, these claims should be dismissed.

**2. Eighth Amendment Excessive Force**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting

harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Though Plaintiff was found guilty of assault on a peace officer following the November 2012 incident, the Ninth Circuit has suggested that Heck v Humphrey, 512 U.S. 477 (1994), is not an automatic bar in an excessive force claim because such claims are not always a collateral attack on a conviction. See Hooper v. County of San Diego, 629 F.3d 1127 (9th Cir. 2011) ("[A] plaintiff alleging excessive force 'does not collaterally attack his conviction [or] deny that he resisted.... Rather, [plaintiff] claims that he suffered unnecessary injuries because [the] response to his resistance ... was not ... objectively reasonable.'") (internal citation omitted).

Here, as to the assault that occurred on the pavement, Plaintiff accuses CO Gonzalez and CO Harris of using excessive force in subduing Plaintiff. Success on this claim would not necessarily invalidate Plaintiff's conviction for assault on a peace officer. Though Plaintiff may not allege that the Defendants attacked him without provocation, he may allege that their response to any perceived provocation was objectionably unreasonable. As to the assault that occurred in the medical unit by CO Harris, this conduct occurred after Plaintiff was subdued and could be construed as objectively unreasonable. Accordingly, Plaintiff's excessive force claims against these Defendants are cognizable.

### 3. First Amendment Retaliation

The Ninth Circuit has defined the parameters of a First Amendment retaliation claim:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005) (footnote and citations omitted).

The Ninth Circuit has "also noted that a plaintiff who fails to allege a chilling effect may still state a claim if he has suffered some harm." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 568 n. 11). Moreover, "the mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Id. at 1270. Nor need the threat be explicit or specific. Id. A prisoner must also show some causal connection between the action taken by the state actor and the prisoner's protected conduct. That is, "[t]o prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." Id. at 1271 (internal quotation marks and citation

omitted).

Plaintiff adequately alleges that Lt. Lopez threatened to harm him if Plaintiff did not abandon his 602 grievance, and that, as a result of this threat, Plaintiff did abandon his grievance. These allegations are sufficient to proceed to service against this Defendant on a First Amendment retaliation claim.

**III.     Conclusion**

In sum, Plaintiff's first amended complaint states cognizable Eighth Amendment excessive force claims against CO Gonzalez and CO Harris in their individual capacities, and a First Amendment retaliation claim against Lt. Lopez in his individual capacity. The official capacity claims are not cognizable and should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     This action continue to proceed only on Plaintiff's Eighth Amendment excessive force claim against CO Gonzalez and CO Harris in their individual capacities, and Plaintiff's First Amendment retaliation claim against Lt. Lopez in his individual capacity[2]; and

2.     All other claims be DISMISSED with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of

---

[2] Presently before the District Judge are findings and recommendations to grant summary judgment in favor of Defendant Lopez based on Plaintiff's failure to exhaust administrative remedies on this claim. (ECF No. 35.) The recommendation herein is based solely on the pleading and does not affect the recommendation that summary judgment be granted in favor of this defendant.

rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 22, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE