UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>J.L. PETERSON, et al.,<br><br>  Defendants. | Case No. 1:16-cv-00488-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 26, 35) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Gonzales and Harris and on a First Amendment retaliation claim against Defendant Lopez. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On October 25, 2017, the Magistrate Judge issued findings and recommendations to grant in part and deny in part Defendants' motion for summary judgment, which was brought on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 35.) The Magistrate Judge recommended denying of the motion as to the excessive force claim against Defendants Harris and Gonzales, but

granting the motion as to the retaliation claim against Defendant Lopez. (Id.) Defendants filed objections. (ECF No. 36.) Plaintiff filed no objections, nor did he respond to Defendants objections, and the time for doing so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Defendants' objections do not raise an issue of fact or law under the findings and recommendations. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis for the reasons stated below.

Defendants sought summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. The Magistrate Judge concluded that Defendants Harris and Gonzales had not met their burden of showing that Plaintiff failed to exhaust administrative remedies because it was unclear from the facts presented whether administrative remedies remained available to Plaintiff. More specifically, although Plaintiff's appeal was cancelled as untimely, and Plaintiff had the option to appeal that cancellation, the appeal also had been referred as a "staff complaint appeal inquiry." The Ninth Circuit has previously noted that, once a grievance is characterized as a staff complaint, there is "no possibility" that it will be "investigated again, separately, through the appeal process." Brown v. Valoff, 422 F.3d 926, 937-939 (9th Cir. 2005). Relying on Brown, a number of courts have found that an appeal of a complaint categorized as a "staff complaint" was exhausted once an investigation was ordered. Walker v. Whitten, No. CIV. 2:09-642-WBS, 2011 WL 1466882, at *3 (E.D. Cal. Apr. 18, 2011) (collecting cases). Courts have reached this conclusion even in the face of language in an appeal response informing the prisoner that further relief is available through the appeal process, given that the staff complaint referral renders it unclear whether additional relief is available as a practical matter. Id. Here, based on similar rationale and in the absence of any evidence to the contrary, the Magistrate Judge reasoned that

---

[1] Plaintiff filed a "Motion to Court to Accept Documents as Material Fact." (ECF No. 42.) The purpose of the motion is unexplained. Attached to the motion are several exhibits that appear to be reports of the incident unrelated to the instant case. The motion does not bear on the issue of exhaustion and has not been considered herein.

2

Defendants had not shown that appeal of the cancellation would have "netted" Plaintiff additional relief in light of the referral of the grievance for a staff complaint appeal inquiry. (ECF No. 35 at 13.)

Defendants' primary argument is that the staff complaint process is separate from the appeal process and does not serve to exhaust a prisoner's administrative remedies.[2] In other words, because Plaintiff could have appealed the cancellation of his appeal, administrative remedies remained available to him regardless of what may have occurred with the staff complaint appeal inquiry. (ECF No. 36 at 3.)

The Court understands that the staff complaint process is separate from the administrative appeal process and serves a different purpose. Nonetheless, the Court must agree with the Magistrate Judge that nothing before the Court suggests that Plaintiff had any possibility of netting further relief, regardless of whether he appealed the cancellation. Plaintiff's administrative grievance was focused on the exact matter to be considered in the staff complaint appeal inquiry, i.e., whether Defendants Gonzalez and Harris utilized excessive force. Although Plaintiff may have received some minimal information regarding the status and results of that process had he successfully appealed the cancellation, nothing before the Court suggests additional relief was available as a practical matter.

Finally, Defendants request that their motion for summary judgment be denied without prejudice to their raising the issue of exhaustion again in their substantive motion for summary judgment. Defendants speculate that discovery may provide additional grounds for finding in their favor on this defense, or at least additional grounds to support conducting an evidentiary hearing. The Court notes that Defendants waived service in this action on February 16, 2017, and to date they have not filed a responsive pleading. Instead, they chose to file this pre-discovery motion for summary

---

[2] In this regard, they ask the Court to take judicial notice of specified portions of the CDCR Department Operations Manual. The request is granted. Fed. R. Evid. 201; <u>Disabled Rights Action Comm. v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 866 n. 1 (9th Cir. 2004); <u>Lundquist v. Cont'l Cas. Co.</u>, 394 F.Supp.2d 1230, 1242-43 (C.D. Cal. 2005) (stating that courts may take judicial notice of records and reports of administrative bodies).

3

judgment on April 10, 2017. In other words, because Defendants chose to proceed to summary judgment without engaging in formal discovery, the matter has been pending on the pleadings for nearly a year. Despite discovery not having been opened, Defendants were able to gather exhaustive documents regarding Plaintiff's appeals history in support of their motion for summary judgment. They provide no basis to suggest that formal discovery would lead to a different result, or to explain why they should be permitted a second opportunity to litigate this issue, having already expended significant time and resources on their unsuccessful motion. Accordingly, the denial will be with prejudice.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts in full the findings and recommendations filed October 25, 2017 (ECF No. 35); and
2. Defendants' motion for summary judgment (ECF No. 26) is GRANTED IN PART AND DENIED IN PART as follows:

    a. Defendants' motion is DENIED with prejudice as to CO Gonzalez and CO Harris;

    b. Defendants' motion is GRANTED as to Lt. Lopez.

IT IS SO ORDERED.

Dated: March 13, 2018

_____
SENIOR DISTRICT JUDGE