UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>J.L. PETERSON, et al.,<br><br>        Defendants. | **CASE No. 1:16-cv-0488- AWI-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S (1) MOTION TO CORRESPOND WITH WITNESS/PRISONER, (2) MOTION FOR DEPOSITION OF WITNESSES, (3) MOTION FOR COURT TO SUBPOENA PRIMARY WITNESS, AND (4) MOTION FOR DEPOSITION UPON WRITTEN QUESTIONS**<br><br>**(ECF NOS. 55-56, 62, 64)** |

Pending before the Court are several motions filed by plaintiff concerning depositions: a motion to correspond with a witness (Doc. 55), a motion for the deposition of witnesses (Doc. 56), a motion for court to subpoena a primary witness (Doc. 62), and a motion for deposition upon written questions (Doc. 64). Defendants oppose the motions. For the reasons set forth below, all four motions will be denied.

**I.    Motion to Correspond with Witness/Prisoner**

Plaintiff first moves "to correspond with witness/prisoner," Cornell Boodram. (Doc. 55.) Mr. Boodram was plaintiff's cell-mate and apparently present throughout the events at issue in this action. Though titled as a request for correspondence, plaintiff asserts that he intends to depose this witness. Section 3139 of Title 15 of the California Code of Regulations requires an

1

inmate to obtain written authorization from the Warden or designee to correspond with another inmate. See tit. 15 § 3139. Even assuming arguendo that plaintiff, who is proceeding with this action in forma pauperis, can bear the costs associated with conducting the deposition he desires, he has not demonstrated that he has obtained the required permission to communicate with Mr. Boodram. For that reason, plaintiff's motion will be denied without prejudice.[1]

## II. Motion for Deposition of Witnesses

Plaintiff next requests the depositions of the following witnesses: CO E. Weather, CO B. Nickell, Sergeant M. Adams, CO Wilson, CO Davis, defendant CO R. Harris, defendant CO J. Gonzales, Lt. J.L. Peterson, CO J. Bloxom, and Mr. Boodram. (Doc. 55.)

Where plaintiff seeks to depose an incarcerated person, he must seek court permission. Fed. R. Civ. P. 30(a)(2)(B), 31(a)(2)(B). However, permission is not required to depose any other persons. Therefore, plaintiff's motion is unnecessary for plaintiff to depose any of the identified individuals except Mr. Boodram. Plaintiff, though, must follow the applicable rule and bear the costs for any depositions he seeks to take in this matter. His *in forma pauperis* status does not entitle him to free services from the court, such as scheduling, conducting, or recording the deposition, or to utilize defendants' resources for the deposition. See, e.g., Brooks v. Tate, 2013 WL 4049053 at *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition). Plaintiff himself must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript.

These requirements are also true of plaintiff's deposition of his incarcerated witness, Mr. Boodram. Plaintiff has not indicated his ability to comply with the above requirements, and courts have found a failure to make these showings defeats a motion to take depositions. See Harrell v. Jail, 2015 WL 8539037, at *2 (E.D. Cal. 2015); Jackson v. Woodford, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007).

Plaintiff's motion for deposition of witnesses will therefore be denied.

---

[1] Should plaintiff obtain the required permission, it is not clear to this Court that a deposition would be the only means by which plaintiff might obtain and preserve this inmate's testimony. Affidavits based on personal knowledge and signed under penalty of perjury may also constitute evidence admissible in opposition to a motion for summary judgment, see Fed. R. Civ. P. 56(e), and would likely present similar admissibility issues thereafter should this action proceed to trial. See, e.g., Fed. R. Evid. 801.

**III.     Written Deposition of Non-Party CO Weathers**

Plaintiff also moves the court to subpoena non-party CO E. Weathers pursuant to Federal Rule of Civil Procedure 45 to answer written questions pursuant to Federal Rule of Civil Procedure 31. (Doc. 62.) A related motion seeks to have CO Weathers submit to written deposition questions pursuant to Rule 31. (Doc. 64.)

Pursuant to Rule 31(a)(1) of the Federal Rules of Civil Procedure, "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." As one court explained:

> A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness ....

Lopez v. Horel, 2007 WL 2177460, at *2 n. 2 (N.D. Cal. July 27, 2007). As noted, "Plaintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or deposition officer fees." Jackson, 2007 WL 2580566, at *1.

Attached to plaintiff's first motion regarding CO Weathers is a California state court subpoena directed to this non-party and missing almost all relevant information: it does not specify the time or place of the deposition, the officer taking the deposition, or a list of questions to be asked. See Fed. R. Civ. P. 45. Plaintiff's related motion does identify the questions to be asked of CO Weathers, but it fails in all other respects. In addition, plaintiff has not shown that he can pay any of the costs associated with written depositions, including fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). Accordingly, both motions will be denied.

**IV. Conclusion**

The Court thus **ORDERS** that:

1. Plaintiff's Motion to Correspond with Witness / Prisoner (Doc. 55) is **DENIED**;
2. Plaintiff's Motion for Depositions (Doc. 56) is **DENIED**;
3. Plaintiff's Motion for Court to Subpoena Primary Witness (Doc. 62) is **DENIED**; and
4. Plaintiff's Motion for Deposition Upon Written Questions (Doc. 64) is **DENIED**.

IT IS SO ORDERED.

Dated: **October 18, 2018**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE