UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>Plaintiff,<br><br>v.<br><br>J.L. PETERSON, et al.,<br><br>Defendants. | **CASE No. 1:16-cv-0488-AWI-JLT (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO WITHDRAW AND DENYING MOTIONS TO COMPEL**<br><br>**(Docs. 68-69, 70, 72.)** |

Plaintiff filed a motion to compel responses to his First Set of Interrogatories (Doc. 68) and a motion to compel responses to his Second Set of Requests for Production of Documents (Doc. 69) based on the defendants' alleged failure to respond to these requests. Plaintiff now moves to "void/strike" the motion to compel as to the interrogatories (Doc. 72) and moves to "Disregard & Strike" his motion to compel as to his request for production of documents (Doc. 70) since it appears that the defendants have responded in a timely manner.

While moving to withdraw said motions, plaintiff takes issue with the defendants' response to one of his requests for production of documents. (See Doc. 70.) Setting aside the procedural deficiencies with plaintiff's objection to this response, plaintiff's objections are overruled. In Request No. 7 of the Second Set of Requests for Production of Documents, plaintiff requested a photocopy of the metal expandable baton allegedly used by defendant Harris to strike plaintiff and the instructions for the baton's proper use. See Decl. of L. Sheet in Supp. of Defs.' Opp'n Ex. 1

1

(Doc. 73). Defendants responded to the first portion of this request as follows: "Defendants do not have a photograph of a Monadnock Expandable Baton used at California Correctional Institution in 2012, and are not required to create a document in response to a request for production." Defendants are correct that they have no obligation to create a responsive document. See Robinson v. Adams, 2011 WL 2118753, at *14 (E.D. Cal. May 27, 2011). As to the second portion of the request, defendants produced a copy of the 2012 CDCR Department Operations Manual, section 52020.8.10, "Close Custody Movement," and section 51020.5, "Use of Force Options." Plaintiff, who bears the burden as the moving party, see Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012), fails to identify why or how these responses are deficient. Accordingly, the Court **ORDERS**:

1. Plaintiff's motions to withdraw (Docs. 70, 72) are **GRANTED**;
2. Plaintiff's motion to compel responses to his First Set of Interrogatories (Doc. 68) is **DENIED**;
3. Plaintiff's motion to compel responses to his Second Set of Requests for Production of Documents (Doc. 69) is **DENIED**:
    a. Plaintiff's motion to compel defendants to produce a photograph of the baton used to strike plaintiff is **DENIED**; and
    b. Plaintiff's motion to compel information for use of the baton is **DENIED**.

IT IS SO ORDERED.

Dated: **October 22, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE