UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J.L. PETERSON, et al.,<br><br>　　　　　　Defendants. | **1:16-cv-00488-AWI-JLT (PC)**<br><br>**ORDER CONTINUING SETTLEMENT CONFERENCE** |

This matter is set for a settlement conference for February 15, 2019. Due to a conflict with the Court's calendar, the Court **ORDERS** that:

1. The February 15, 2019, settlement conference is **CONTINUED** to March 6, 2019, at 9:00 a.m. at the United States Courthouse, 510 19th Street, Suite 200, Bakersfield, CA 93301.

2. **Appearances**

    a. A representative with authority to negotiate and enter into a binding settlement shall attend **in person** for defendants.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The representative must be authorized to fully explore settlement options and to agree to settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir.

1

b. Plaintiff shall appear via **video-conference** or **telephonically**. The first option is preferred if it is within Corcoran State Prison's technical capabilities. A writ for plaintiff's presence at the settlement conference will issue separately.

c. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

3. **Settlement Procedures and Statements**

    a. <u>**No later than February 13, 2019**</u>, Plaintiff **SHALL** submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, <u>**no later than February 20, 2019**</u>, Defendants **SHALL** respond, by telephone or in person, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is achieved, defense counsel is to immediately inform the Courtroom Deputy of Magistrate Judge Thurston.

    b. If settlement is not achieved informally, each party is directed to submit confidential settlement statements no later than **February 27, 2019**, to jltorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to U. S. District Court, ADR Director, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than **March 1, 2019**. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Parties are

---

1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. <u>Pitman v. Brinker Int'l., Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), <u>amended on recon. in part</u>, <u>Pitman v. Brinker Int'l., Inc.</u>, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. <u>Pitman</u>, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 596-97 (8th Cir. 2001).

also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

    c. Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

    d. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

        i. A brief statement of the facts of the case.

        ii. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        iii. A summary of the proceedings to date.

        iv. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

        v. The relief sought.

        vi. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

        vii. A brief statement of each party's expectations and goals for the settlement conference.

4. The Clerk of the Court is **DIRECTED** to serve a copy of this order on the litigation office at Corcoran State Prison via email **and** facsimile.

IT IS SO ORDERED.

    Dated:   **January 31, 2019**                  **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE